**CRAWFORD, Plaintiff-Appellee, v. BACH et, Agent, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 5034.   Decided March 7, 1955.

George S. Crawford, Columbus, for plaintiff-appellee.
Guy R. Martin, Columbus, for defendant-appellant.

## OPINION

By THE COURT.

This cause comes to this Court as an appeal on questions of law and fact from a judgment of the Common Pleas Court permanently enjoining the defendant, James P. Bach, from tearing down or destroying a certain fence described in the petition.  The cause was submitted to this Court upon the record made in the Common Pleas Court and upon the additional testimony taken and recorded by special master duly appointed for such purpose.

The record reveals that the plaintiff is the owner of a 16 acre tract of land located west of a stream known as Indian Run and the eastern border line of which extends to the center of said stream; that Everett F. Bach owns an 11 acre tract east of said stream, the western border line of which extends to the center of the stream. The dividing line of these two properties, therefore, follows the center of the stream for a distance of approximately 800 feet.

The defendant, James P. Bach, is the tenant of Everett F. Bach, and as such is occupying the Bach tract.

The petition alleges "that a partition fence has recently been built between the above two tracts, along lines set forth by the Township Trustees and a written agreement between the parties. That after said fence was built said Trustees viewed and approved same. That James P. Bach and/or Matthew Bigger caused a portion of said fence which had been built by plaintiff to be torn down and as a result thereof plaintiff's cattle got out on the main highway causing plaintiff much trouble and damages and endangered the lives of passing motorists.

"That plaintiff has now rebuilt said fence and it has been again viewed by Trustees. That plaintiff has received a letter from Matthew Bigger, agent, and has been threatened orally by James P. Bach that they will again tear down said fence."

The defendant admits he removed a portion of the fence located on the Bach property and if rebuilt says that he intends to again remove the same.

The plaintiff is urging that it was not practicable to build the fence in the middle of the stream, hence under §5921 GC an application was made to the Township Trustees to make an assignment for a portion of the fence to be built by each landlord, on his bank of the stream and then have the two portions joined across the same. **Sec. 5921 GC** provides:

"When the division line of adjacent land owners is in a stream of water, along which division line it is impracticable to construct and maintain a partition fence, the township trustees shall assign to each land owner his portion of such fence upon his land and the parts so assigned shall be built and maintained upon his own premises along the bank of such stream. The parts of the fence so assigned shall be joined by each land owner constructing a fence or water gate from the end of the fence so assigned to him nearest to the end so assigned to the other land owner to the division line in such stream."

The defendant contends that a lawful assignment was never made by the Trustees under this section, therefore he is at liberty to remove any fence or portion thereof on the land in his possession. The burden of proof, therefore, is upon the plaintiff to establish the legality of the said partition fence. This he has failed to do for several reasons:

First, The record reveals that upon the complaint being filed with the Trustees, notice was neved served on the owner in compliance with §5910 and §5920 GC, but that it was served on James P. Bach, the tenant. Therefore the Trustees never acquired jurisdiction to make an assignment.

Secondly, Although the record discloses that the Trustees met on several occasions for the purpose of making such an assignment their actions were only verbal and no record was ever made of an assignment having been made.

Since no formal action was taken by the Board there was no order that could be filed for record with the County Recorder in his docket known as "Partition of Fence Record," as required by §5916 GC. Such recording is most important for it is only after this compliance that the order becomes "final between the parties thereto and successive owners thereafter until such division becomes unequal by a sale or division of land or a portion thereof, in which case a new division may be had."

The plaintiff contends further that even though we find the assignment was not properly made there was an agreement between the parties in accordance with §5931-1 GC and that under this agreement the parties are bound the same as if an assignment had been made. The alleged agreement offered in evidence cannot be given such recognition for the reason that it is not witnessed by two persons as required by the cited section of the General Code. It is also defective in that it is indefinite and uncertain in that it does not define the point at which the fence is to terminate on the Bach side for the purpose of crossing the stream and connecting with the fence on the plaintiff's side. The location of this point is the main difference between these parties and involves approximately one acre of land.

We are also in doubt whether §5931-1 GC can be applied to the facts in this case for the reason that it provides for such an agreement when "the division line of adjacent land owners crosses a stream of water, through which stream of water it is impracticable to construct and maintain a partition fence." (Emphasis ours.) In this case the division line does not cross the stream of water but runs parallel with the stream in the middle thereof. Sec. 5921 GC seems to be applicable when the division line is in a stream of water by requiring each adjoining owner to build a water gate to the center line of such stream.

The permanent restraining order will be dissolved and judgment rendered for the defendant for costs of suit.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.

No. 5034. Decided April 6, 1955.

## OPINION

By THE COURT.

This is an application for a reconsideration and rehearing of this cause upon the grounds of newly discovered evidence which could not have been produced at the time the record was made before the master appointed by this Court.

Our examination of the new evidence proffered reveals that the same is pertinent to the issues presented and that the same could not have been produced at the previous hearing. The application will be allowed and the case is ordered referred back to the master for the completion of the record exemplifying the new evidence. Appellant is given leave to offer evidence contra. Record ordered completed on or before April 23, 1955.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.

No. 5034.   Decided May 9, 1955.

## OPINION

By THE COURT.

This cause is now before the Court upon a rehearing granted on the ground of newly discovered evidence. We find from this and also from the former record that although Everett F. Bach was never served with notice of the hearing to be held before the Township Trustees under §5910 GC, the same was waived by his attorney, Matthew L. Bigger, who attended the hearing before the Trustees and was present when the premises were inspected by them for the purpose of making an assign-

ment for the location of the fence. The defendant contends that no assignment was ever made by the Trustees; hence, the nunc pro tunc entry of the same entered upon the township records on March 15, 1955, is null and void. Citing **The Cleveland Leader Printing Company v. Green, 52 Oh St 487.** The first syllabus of this case provides:

"The province of a nunc pro tunc entry is to correct the record of the court in a cause so as to make it set forth an act of the court, which though actually done at a former term thereof, was not entered upon the journal; and it cannot lawfully be employed to amend the record so as to make it show that some act was done at a former term, which might or should have been, but was not, then performed."

Our examination of the record reveals that the township trustees acted on two occasions on the subject matter, first, in the year 1948, and then modifying the order on May 5, 1950. The order of modification was made upon complaint being made by letter to the Trustees on November 10, 1949, the same having been written by M. L. Bigger as attorney for Everett F. Bach. In this letter, which is marked as Defendant-Appellant's Ex. No. 5, he recognized the first assignment, for in it he states:

"Everett Bach built his one-half of such fence along Indian Run to the point designated as agreed upon and **fixed by the trustees,** and said Mary Crawford acting through her agent, built a fence * * * trespassing on the property of Everett F. Bach, contrary to the place of crossing **fixed and conditions agreed upon by the trustees** upon their viewing of the premises in July, 1948."

"The undersigned therefore, respectfully requests the trustees to view the premises and see that said fence is erected and placed as **agreed upon and as heretofore directed** by such trustees as provided by statute; * * *." (Emphasis ours.)

In compliance with the request of the foregoing letter the premises were again inspected by the Township Trustees on May 8, 1950, which resulted in a modification of the original assignment. We find from the evidence that the Trustees acted upon the complaint of Everett Bach, but that no record of the same was entered in their official records. Since our first hearing in this matter the action taken by the Trustees on May 8, 1950, now has been journalized as of said date by order of the Trustees duly enacted on March 15, 1955. This entry, we find, is in accordance with the action taken by the Trustees at the time stated therein, and the same has been recorded in the records of the Recorder of Franklin County. It is therefore a valid and subsisting order. It is conceded by all of counsel that a fence has been constructed in accordance with the order of assignment which was journalized on March 15. Whether or not the order commanding each of the parties to construct a portion of the fence was lawful is not before us, since this order has been complied with. The fence is now constructed on the lines fixed by the Trustees and the same will be protected by court order.

Our judgment is for the plaintiff for the relief prayed for in the petition and also for costs of suit.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.